HENRY et al. v. LAND, Sheriff et al. (No. 1261.)

(Court of Civil Appeals of Texas. Texarkana.
May 21, 1914.)

HUSBAND AND WIFE (§ 259*) — COMMUNITY
PROPERTY — LIABILITY FOR HUSBAND'S
DEBTS—SEPARATE PROPERTY OF WIFE.

Where a husband, after becoming insolvent, suffered judgment on a community debt, and thereafter purchased property to the price of which the wife contributed money earned by her by keeping boarders, such money, as against the debt, was community funds, notwithstanding an antecedent agreement between her and her husband that such earnings should constitute her separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 911; Dec. Dig. § 259.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Suit by Mrs. G. E. Henry and others against Joe Land and others. Judgment for defendants, and complainants appeal. Affirmed.

Price & Beaird, of Tyler, for appellants. Lasseter & McIlwaine, of Tyler, for appellees.

LEVY, J. This is a suit by Mrs. Henry, joined by her husband pro forma, for injunction to restrain the sale under writ of execution of 16 acres of land. The petition alleged that the property was purchased with the separate funds of Mrs. Henry. The defendants answered by denial, and specially averred that the property was the community property of the plaintiffs, and subject to execution. The case was tried by the court without a jury, and judgment was entered dissolving the temporary injunction and for the defendants.

The court made the following findings of fact and conclusions of law:

"I find that plaintiffs Walter Connally & Co., a private corporation, created under the laws of the state of Texas, did on the 7th day of October, 1912, recover a judgment in the county court of Smith county, Tex., against the plaintiff L. A. Henry for the sum of $231.05, together with interest and costs of court; that thereafter, on March 12, 1913, said Connally & Co. caused an execution to be issued on said judgment and placed same in the hands of the defendant Joe Land, Sheriff, and that said sher-

iff levied said execution on the 16 acres of land in controversy, and advertised the same to satisfy said judgment in favor of the said Connally & Co. I find that the 16 acres of land in controversy were purchased on or about the 16th day of November, 1912; that at the time it was purchased title was taken in the name of the plaintiff Mrs. George Ella Henry. I find that the plaintiffs Mrs. George Ella Henry and L. A. Henry were husband and wife, having been married and living together as such husband and wife for nearly 30 years; that at the time said land was purchased the plaintiff L. A. Henry handled the transaction and paid in cash on said land the sum of $58, and assumed the payment of certain vendor's lien notes outstanding against the property, the total purchase price being about the sum of $1,000; that subsequently, about seven months prior to the time this case was tried, the plaintiff paid one of the notes and interest amounting to about $250, and that about three or four months before this case was tried the plaintiff paid another one of the notes amounting to about $250, including interest; that part of the money with which the plaintiff L. A. Henry purchased the land and paid the notes was money that his wife, George Ella Henry, made keeping boarders; that as much as $250 or $300 of the amount so paid was from funds so made by her keeping boarders. The exact amount was unknown to either Mr. or Mrs. Henry. I find that some 10 or 12 years prior to the date said land was purchased that the plaintiff had an agreement by which his wife, George Ella Henry, should keep boarders, and that the proceeds from same be her separate property. I further find that at the time the land in question was purchased, and for some years prior thereto, the plaintiff L. A. Henry was insolvent; that he had no property subject to execution, and owed money to the extent of $6,000; and that there were unsatisfied judgments against him in Smith and other counties in the state of Texas. I also find that some 2 or 3 years prior to the date the land in question was purchased the plaintiff Mrs. George Ella Henry sold an interest in a piece of land which she owned for which she received $137.50, which money was turned over by her to her husband, the plaintiff L. A. Henry. I find the 16 acres of land to be worth about $1,200.

### ."Conclusions of Law.

"The land in question, having been acquired during marriage, is presumed in law to be community property, and the burden is on the spouse claiming such land as separate property to show that the separate fund of such spouse went into the purchase of the same. The husband, while in an insolvent condition, cannot give to the wife proceeds of the community and thereby defeat the right of a creditor of the community. Property partly purchased with the separate property of either husband or wife is subject to the debt of a creditor of the community to the extent that the community fund went into the purchase of the property. I therefore find: First, that all the land in controversy was subject to the debt of the execution creditor; and, second, that if all the land was not subject to the execution of Connally & Co., the community interest of Henry and wife in the land was sufficient to more than satisfy the amount of Connally & Co.'s judgment."

The evidence supports the findings made by the court, and they are sustained.

### Opinion.

The court finds that the property levied on under the writ of execution is of the value of $1,200, and that as much as $250 or $300 of the purchase money that has been paid on the land 'was earned by the personal labor of the wife by keeping boarders. As these particular facts found by the court are undoubtedly supported by the evidence, it becomes only necessary to decide, in order to sustain the judgment denying the remedy of injunction, whether or not, in the light of the evidence in the record, such money was community property, as ruled by the trial court. The execution creditor had the legal right to have seized and sold under writ of execution the community interest of the appellants in the land, which would be to the value in the proportion of whatever community funds went into the purchase price of the land. The appellants contend that the money earned by the wife in keeping boarders should be held in the evidence, as a matter of law, the separate property of the wife, because it was a gift by the husband to the wife. To support the contention of a gift by the husband to the wife of the sum mentioned as paid on the land, the appellant relies on an agreement made between the husband and wife in 1901, some 11 years before the purchase of the land in suit. It appears from the evidence that in 1901 the wife expressed a desire to keep boarders, and the husband agreed with her that all her earnings should be her own separate funds. In this connection it appears, though, that at the time of the purchase of the land in suit the husband was insolvent, and owed debts and had unsatisfied judgments against him. The appellees' judgment was existing at the date of the purchase of the. land, and it was a community debt created by the husband. The court does not find that the particular sum of money mentioned as paid on the land was earned by the wife and reduced to her possession before the insolvency of the husband, or before the accrual of appellees' debt, and, looking to the record, it fails to show that the wife had saved up and had in her possession any money earned in keeping boarders, either before the insolvency of the husband or prior to the accrual of appellees' debt. But the evidence warrants the inference, as involved in the court's findings, that the sum of money mentioned by the court as being paid on the land was earned by the wife and reduced to possession each month after the appellees' debt accrued and judgment was obtained. The sum of money mentioned was paid by appellants, according to the evidence, on the outstanding purchase-money notes for the land in 7 months and 4 months, respectively before this suit was tried in October, 1913, which was some time after appellees' judgment was obtained. Therefore, if the wife earned and reduced to her possession the $250 or $300 which was paid on the land after the date that appellees' debt became a charge against the community, as must be said, then, as held by the trial court, such earnings legally were, as against appellees' debt, community funds and could not at the time, in the facts, be given

to the wife as separate property of the wife. The agreement between the husband and wife could not, in the facts, as against appellees' debt, be given a greater effect, in view of the statute defining community property, than to give the wife the separate right to her earnings reduced to her possession before the accrual of appellees' debt. See Cone v. Belcher, 57 Tex. Civ. App. 493, 124 S. W. 149.

The assignments complaining of the findings of fact and conclusions of law are overruled, and the judgment will be affirmed.