## WESTERN NAT. BANK OF HEREFORD v. LAUGHLIN et al. (No. 948.)

(Court of Civil Appeals of Texas. Amarillo. March 22, 1916. Rehearing Denied April 12, 1916.)

BILLS AND NOTES ☞365(2)—BONA FIDE PURCHASERS — EQUITABLE ESTOPPEL — WHAT CONSTITUTES.

Where the owner of a note allows it to be made to a third person and permits such third person to exercise complete dominion, one receiving the note in good faith without notice, though after maturity, is entitled as against the owner to enforce payment; the owner being estopped.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 944, 959; Dec. Dig. ☞365(2).]

Appeal from Deaf Smith County Court; Jas. A. Hughes, Judge.

Action by the Western National Bank of Hereford against N. A. Laughlin and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

Knight & Slaton, of Hereford, for appellant. Carl Gilliland, of Hereford, for appellees.

HALL, J. The appellant, as plaintiff below, sued N. A. Laughlin, as the maker of a promissory note, for $390.61, and sought to foreclose a chattel mortgage upon certain property of the alleged value of $500. The

petition alleges that the note was executed by Laughlin, in favor of S. S. Evants, and was thereafter indorsed and delivered by Evants to appellant bank, in the regular course of business. According to the allegations, the note was executed the 30th day of March, 1912, bearing interest at 10 per cent. from date, due in one year, and contained a provision for 10 per cent. attorney's fees. S. J. Dodson was made a defendant, upon the ground that he claimed to be the owner of the note. Defendants answered by general denial, and specially that the defendant Dodson was the real owner of the note; that it had been originally executed for his benefit and was held in trust by Evants, the payee, which facts were known to the plaintiff before it acquired the note. He further averred that appellant bank held the note as collateral to secure certain indebtedness due it from Evants; that in a suit in the district court of Deaf Smith county, between S. J. Dodson and S. S. Evants, that court adjudged the note to be the property of the defendant Dodson. It is also charged that appellant bank acquired the note after its maturity. By supplemental petition, the bank alleged that the defendant Dodson was estopped to claim ownership of the note by reason of the fact that he had permitted it to be executed and stand in the name of Evants as payee and had permitted Evants to handle and deal with the note as if he owned it; that on a former occasion defendant Dodson had assisted Evants in procuring the appellant to accept the note as collateral on another transaction, without disclosing the fact that he (Dodson) claimed any interest therein. It is specifically denied that the bank had any knowledge that Dodson claimed to have any interest in the note at the time it acquired the same. It is admitted that the note was acquired from Evants as collateral to secure a note due it by Evants and alleged that Evants' note had not been paid off.

Only one issue was submitted to the jury, viz.:

"Did the bank know at the time it acquired the note from Evants that the defendant Dodson claimed any interest in it?"

To this issue the jury replied in the negative. This was the only controverted issue of fact in the case. Judgment was rendered that the bank take nothing by its suit and pay all costs, and that the defendant Dodson should recover of the bank the title and possession of the note sued on.

Appellee Laughlin filed no defense to the note, but filed a joint answer with Dodson, as above stated. Under this state of the record, it is necessary to consider only one question; i. e., if the true owner of a note permits another to appear as the owner thereof, with full power of disposition over it, who transfers the possession to innocent third parties for value, are such third parties entitled to protection, even though the note be acquired after its maturity?

In the case of Kempner v. Huddleston, 90 Tex. 182, 37 S. W. 1066, the Supreme Court considered this question and reviewed the early authorities in this state apparently bearing upon it. Judge Brown used this language:

"This case does not fall within the class of cases embraced in the decision of this court in Walker v. Wilson, 79 Tex. 185, 14 S. W. 798, 15 S. W. 402, and Weathered v. Schmidt, 9 Tex. 623 [60 Am. Dec. 186], because the language used in the indorsement written upon the back of the notes is of a character which evidences ownership of the notes themselves in the person to whom they are transferred. The rule stated by Mr. Bigelow, in his work on Estoppels (page 547), is: 'That where the true owner of property holds out another or allows another to appear as the owner of or as having full power of disposition over the property, the same being in the latter's actual possession, and innocent third parties are thus led into dealing with such apparent owner, they will be protected; or, where others are innocently induced to acquire rights in derogation of the secret or undisclosed claims of those who caused such action, the rights so acquired are secured, whether contested at law or in equity. Such rights do not depend upon the actual title or right or authority of the party with whom they have directly dealt, but are derived from an act of the real owner which precludes him from disputing against them the existence of the title or right or power which he caused or allowed to appear to be vested in the party making the sale.' * * * The language used in the transfer of the notes from C. E. Singletary to F. M. Huddleston clearly indicates that for value paid the title is passed to Huddleston, and if Mrs. Singletary signed this when she was a feme sole she is estopped to recover as against Kempner or his legal representatives who acted upon the appearance of title in Huddleston as shown by the indorsement." May v. Martin, 73 S. W. 841.

While the note in question has no indorsement upon it, Dodson's testimony without contradiction shows that with his knowledge and consent Laughlin executed the note to S. S. Evants as payee, thus vesting Evants with absolute authority to deal with the note at his option. The jury having found the only issuable fact, viz., that the bank had no knowledge of Dodson's ownership at the time it acquired the note in favor of the bank, the judgment should have been rendered in accordance with this finding. The judgment of the lower court is therefore reversed and here rendered in favor of the Western National Bank of Hereford, against N. A. Laughlin, for the full amount due upon the note and that S. J. Dodson take nothing.

Reversed and rendered.