MESSIMER et al. v. ECHOLS et al.
(No. 1786.)

(Court of Civil Appeals of Texas. Texarkana. April 25, 1917. Rehearing Denied May 17, 1917.)

1. APPEAL AND ERROR &#x25C9;&#x21DD;237(6)—OBJECTIONS BELOW.

Appellant cannot complain of findings of the jury where he filed no motion to set aside the findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1302½.]

2. TRIAL &#x25C9;&#x21DD;351(2)—SUBMISSION OF SPECIAL ISSUES.

It was not reversible error to refuse to submit special issues where the questions were submitted to the trial court in such shape the trial court could not submit one without submitting all of them, and part of the questions were submitted in the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 837.]

3. HUSBAND AND WIFE &#x25C9;&#x21DD;254—COMMUNITY PROPERTY.

Under Rev. St. 1911, art. 4622, as to community property, land bought during marriage and within two or three years after the husband was committed to an insane asylum, and paid for by the labor of the wife and of the children, who were not emancipated, was community property; notwithstanding an agreement between the wife and children that if they would work and assist her in paying for the land she would later give it to them.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 897–899.]

4. HUSBAND AND WIFE &#x25C9;&#x21DD;267(2)—GIFT OF LAND—FRAUD ON HUSBAND.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3966, as to fraudulent conveyances, where a wife was indebted to her divorced husband for an accounting and settlement of the community property, a deed of gift by her to her children by such husband of land belonging to the community estate, made immediately after both she and the children had knowledge that an accounting and settlement was being demanded by her divorced husband, was in fraud of his rights.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 931.]

Appeal from District Court, Wood County; R. M. Smith, Judge.

Suit by W. M. Messimer against M. A. Echols and others. From a judgment against Ira Messimer and others, they appeal. Affirmed.

W. M. Messimer and M. A. Messimer were married in 1884, and had four children, Ira, Harmon, Sherman, and Dewey. W. M. Messimer was legally adjudged a lunatic and sent to the state asylum on August 29, 1899, where he remained confined until discharged as sane on October 24, 1913. At the time W. M. Messimer was sent to the asylum the property accumulated and acquired during the marriage consisted of 15 acres of land, some money, and personal property. Mrs. M. A. Messimer was appointed by the county court of Wood county administratrix of the community estate in October, 1902. The application for community administration alleged that the husband was insane and confined in the asylum. Mrs. Messimer qualified as community administratrix, gave bond, and returned an inventory and appraisement of the estate. The 445⅖ acres of land in this suit was purchased by Mrs. Messimer during the time her husband was confined in the asylum. In February, 1904, a decree of divorce of M. A. Messimer and W. M. Messimer was granted, at the instance of Mrs. M. A. Messimer, by the court in Oklahoma. Mrs. M. A. Messimer then married G. A. Echols in February, 1905. On February 12, 1914, Mrs. Echols, joined by her husband, made a deed to the 445⅖ acres of land to the children, Ira, Harmon, Sherman, and Dewey. The suit is by W. M. Messimer, the husband, for an accounting and settlement of the property rights betwen himself and his former wife, and asking that one half of the lands set out in the petition be decreed to be the property of plaintiff, and that he have a lien upon the other half of said lands to secure whatever may be owing to him by his said former wife. The petition further alleged that on the 12th of February, 1914, Mrs. M. A. Echols (formerly M. A. Messimer), joined by her husband, executed a deed to Ira, Harmon, Sherman, and Dewey Messimer to the 445⅖ acres of the community land, and that said deed was fraudulently made to defeat the plaintiff in his rights and to place said land beyond his reach, and that the said grantees are not innocent purchasers of the same. The said appellants appeared and answered. There was a trial before a jury on special issues; and, in keeping with the verdict and upon facts specially found by the court, judgment was entered in favor of the plaintiff. As the defendants Ira, Harmon, and Sherman Messimer are the only parties appealing, it is unnecessary to make statement except as pertains to them.

The court made the finding of fact: (1) That the 445⅖ acres of land in suit was community property of W. M. and M. A. Messimer; and (2) that the uncontroverted evidence showed that the deed of February 12, 1914, executed by M. A. Echols (formerly M. A. Messimer) and her husband to Ira, Harmon, Sherman, and Dewey Messimer, conveyed the 445⅖ acres of land, was without consideration, and made in fraud of plaintiff's rights. The jury made findings, as here necessary to state, that Mrs. M. A. Echols was owing plaintiff in account and settlement of the community estate, and on the verdict the court awarded the plaintiff a judgment against M. A. Echols in the sum of $1,786.75, with interest from March 1, 1905. The court on his findings canceled the deed above mentioned and awarded the plaintiff and Mrs. M. A. Echols each a one-half undivided interest in the land, and also decreed the plaintiff an equitable lien on the half of the land belonging to Mrs. M. A. Echols, and ordered the same sold to satisfy the lien indebtedness.

M. D. Carlock and T. M. Newsome, both of Winnsboro, for appellants. Harris & Britton, of Quitman, and J. H. Beavers, R. B. Howell, and H. L. Wilkinson, all of Winnsboro, for appellees..

LEVY, J. (after stating the facts as above). [1, 2] The appellants, not having filed a motion to set aside the findings of the jury, are not in a position to complain of the same. Railway Co. v. Weems et al., 184 S. W. 1102. And the appellants prepared and asked the court to submit to the jury certain special issues, which were by the court refused for the reason, as given by the court, that the 32 questions "were submitted to the court in such shape the court could not submit one without submitting all of them, and part of these questions were submitted in the main charge." Therefore this ruling of the court may not be said to be reversible error; and assignments of error Nos. 18 to 27, inclusive, and No. 36 are overruled.

[3] It is not a ground for complaint by the children as to the amount owing by Mrs. Messimer to her husband in accounting and settlement of the estate, and Mrs. Messimer does not appeal. The only issue in the case between the appellants and the plaintiff is that pertaining to the deed of February 12, 1914, conveying the 445⅖ acres of land. If the appellants were entitled to hold the land under the deed, then judgment should have been rendered in their favor for the land or for one-half of it, free of any lien against it arising from their mother's debt owing to the plaintiff. But if, as found by the court, the land was community property, and the conveyance was without consideration and fraudulent, then appellants were not legally entitled to hold the land or any part of it. And it is believed that the court did not err in finding that the 445⅖ acres was community property. According to Mrs. Messimer's testimony, the land was bought during the marriage and within two or three years

after W. M. Messimer was sent to the asylum, and was paid for by "my labor and the labor of my children." Article 4622, R. S. 1911; Johnson v. Burford, 39 Tex. 242. The earning through labor of the children was community property, unless the children were emancipated. And it may not, it is thought, be legally said in the circumstances of the record that there was an emancipation of the children. And so any agreement between Mrs. Messimer and her children that if the children would work and assist their mother in paying for the land that she had already bought, which was in fact community property, she would later give them the land, would not change the relation of the property, and it would still be community property. Bank v. McWhorter, 179 S. W. 1147.

[4] The court, it is concluded, did not err in holding that the deed to the appellants was made in fraud of the plaintiff's right. It appears that Mrs. Echols (formerly Messimer) was a nonresident and had no property unless it was an interest in this estate, and that she was indebted to the plaintiff for an accounting and settlement of the estate. The deed was executed February 9, 1914, and was, by the evidence and its recital, purely a deed of gift, and was made immediately after the grantors and grantees had knowledge that plaintiff was demanding an accounting and settlement. Article 3966, Vernon's Sayles' Statutes; Coughran v. Edmondson, 106 Tex. 540, 172 S. W. 1106.

We have carefully considered such remaining assignments as appellants may properly predicate error upon, and think they would not warrant reversal of the case. They are therefore overruled.

The judgment is affirmed.