**POTTORFF v. J. D. ADAMS CO., Inc., et al.**
**No. 2978.**

Court of Civil Appeals of Texas. El Paso.
April 12, 1934.

Rehearing Denied May 3, 1934.

Jones, Goldstein, Hardie & Grambling and Turney, Burges, Culwell & Pollard, and J. F. Hulse, all of El Paso, for appellant.

Coyne Milstead and W. H. Fryer, both of El Paso, for appellee Rand.

Richard F. Burges and Walter S. Howe, both of El Paso, for appellee Adams.

PELPHREY, Chief Justice.

On May 23, 1931, an agreement was entered into between J. D. Adams Company of Indianapolis, Ind., party of the first part, and the Western Tractor Company of Albuquerque, N. M., party of the second part, in which party of the first part authorized the party of the second part to act as its agent and solicit orders for and sell the products of the party of the first part in the entire state of New Mexico and the counties of El Paso and Hudspeth in the state of Texas.

The agreement contained this provision: "If a product is delivered on an order obtained by agent and default is made in payment and product is or is not repossessed by first party, then agent shall be liable to first party for any loss sustained by first party."

The Western Tractor Company was not incorporated and at one time belonged to J. P. Sheehan and later belonged to W. J. Rand. It belonged to the latter at the time of the execution of the agreement. Rand was indebted to the First National Bank of El Paso, Tex., and, after the bank was closed, S. O. Pottorff, receiver thereof, brought suit against Rand and Sheehan, and caused a writ of garnishment to issue against J. D. Adams Company.

J. D. Adams Company answered admitting that it owed Rand $461.55; that it owed W. J. Rand, J. P. Sheehan, or Loretta B. Rand, wife

of W. J. Rand, the sum of $201.79; that it had charged back against Rand's account the sum of $435.28 which had been credited to Rand's account with it.

The Adams Company also impleaded Loretta B. Rand as a claimant of the money.

Mrs. Rand answered and set up an assignment by Rand to her of all moneys due or to become due from the Adams Company. Sheehan intervened and claimed the $201.79. Appellant, in answer to Mrs. Rand's claim, alleged the assignment by Rand to her to be void because not supported by any consideration and because made at a time when Rand was insolvent and indebted to appellant.

Upon a trial before the court it was held that the Adams Company was indebted to Rand in the sum of $1,197.50; that Rand owed his wife the sum of $900 for her services as bookkeeper in his business; and that such indebtedness was a sufficient consideration for the assignment.

Judgment was rendered allowing Mrs. Rand to recover $900 from garnishee, and appellant $297.58 against which was taxed all costs, including an attorney's fee of $150 allowed garnishee. This appeal has been perfected from that judgment.

### Opinion.

The principal question involved upon this appeal is whether a wife can enter into a valid contract to perform services for her husband in connection with his business and receive wages therefor.

The propositions advanced by appellant in connection with this question are: (1) That wages earned by the wife during coverture are community property; (2) that the wife cannot maintain an action to recover them unless she shows that she has been given authority of court to do so or that her husband has deserted her; that no obligation on the part of the husband arises under an agreement by him to pay the wife for services rendered to him in his business; and that the contract of assignment being invalid, the court should have rendered judgment against Mrs. Rand on her claim.

Wages of the wife not being within the definition of the wife's separate property in the Constitution necessarily becomes community property. Constitution of Texas, art. 16, § 15; Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799; Johnson v. Burford, 39 Tex. 242; Michael v. Rabe (Tex. Civ. App.) 109 S. W. 939; Messimer v. Echols (Tex. Civ. App.) 194 S. W. 1171; Kerr v. Guaranty State Bank (Tex. Civ. App.) 283 S. W. 601; Speer's Law of Marital Rights, § 361, pp. 441, 442.

The general rule is that the husband alone is entitled to maintain suits to recover the community property. Cone v. Belcher, 57 Tex. Civ. App. 493, 124 S. W. 149; Western Union v. Owings (Tex. Civ. App.) 38 S.W.(2d) 831; Loving v. Laird (Tex. Civ. App.) 42 S. W.(2d) 483; Speer's Law of Marital Rights (3d Ed.) § 514, p. 630; § 361, p. 442. It has been held, however, that where a defendant makes no effort to abate the suit on the ground of coverture, he cannot, after judgment on the merits, for the first time raise that objection. Hamlett v. Coates (Tex. Civ. App.) 182 S. W. 1144 (writ refused); Davis v. Davis (Tex. Civ. App.) 186 S. W. 775 (writ refused); Burge v. Broussard (Tex. Civ. App.) 258 S. W. 502.

It has further been held that if facts exist which will defeat the right of the wife to sue alone, but such facts do not appear upon the face of the petition, they must be pleaded under oath and proven. Rosenbaum v. Harloe, 1 White & W. Civ. Cas. Ct. App. § 851, page 489.

In the present case the petition in intervention contained no allegations as to Mrs. Rand being a married woman and appellant filed no plea in abatement; therefore, the matter could not have been called to the attention of the trial court by appellant's exceptions to the petition, and, having not sought to have the suit abated, he cannot here raise the question.

Appellant's third and fourth propositions present a question as to the validity of the alleged contract between W. J. Rand and Mrs. Rand to pay her for services in his business, and the court's action in allowing her the sum of $900. As to such contracts much has been written and there appears to be a wide divergence of opinion. Dorsett v. Dorsett, 183 N. C. 354, 111 S. E. 541, 23 A. L. R. 15, and annotations beginning on page 18.

After a careful study of not only the cases here cited but also numerous cases from other jurisdictions, we have reached the conclusion that in this state the rule is as announced by this court in Martin v. Hays, 36 S.W.(2d) 796, 799: "Now a married woman had no right at common law to contract, and in Texas any authority of a married woman to contract must be given by the Constitution or statute, expressly or by implication."

The Legislature by the Acts of 1913 (chapter 32) as amended by Acts 1917 (chapter 194)

and 1921 (chapter 130), granted to the wife the sole management and control of certain community property, including her personal earnings, and, under such provision, several of the courts decided that she had a right to contract relative thereto. Those provisions have been omitted from the Revised Statutes of 1925 and can no longer furnish a basis for so holding.

This being true, the present case must be decided upon the law as it existed prior to 1913, which gave the husband the sole control of the community estate. The fact that the statute exempts the earnings of the wife from the payment of the debts contracted by the husband would not, in our opinion, be sufficient to confer upon the wife the control of such earnings. There being at the present no statute giving a married woman the right to contract with reference to her personal earning and no statute giving to her the control and management thereof, from which the right to contract might be implied, we are constrained to hold that the contract here alleged by Mrs. Rand was invalid and created no obligation on the part of Mr. Rand.

■ We cannot agree with the assertion of appellant that the garnishee became an active litigant in the case and, therefore, was not entitled to recover attorney's fees.

The most that can be said of its pleadings is that they merely apprised the court of the existence of other claimants and as to the conditions surrounding the account between it and Rand. The amount of the indebtedness admitted by garnishee was not denied under oath as provided for in article 4094, R. S.

The assignment is overruled.

■ The garnishee, by cross-assignments, attacks the judgment in so far as it exceeds the sum of $671.34, which it admitted to be indebted to Rand.

The contention advanced is that the garnishee's answer not being controverted, the court was limited in awarding judgment to the amount admitted in the answer.

With such contention we agree, Blum v. Moore, 91 Tex. 273, 42 S. W. 856; but, as we understand the pleading of the garnishee, there was nothing alleged calling for the filing of a controverting affidavit.

As to the offset, the pleadings are: "Further, that three of such items in such Exhibit 'B', to-wit, those of invoices numbered 132139 for Two Hundred and Twenty-four & 87/100 ($224.87) Dollars; numbered 132178 for One Hundred and Twenty-four & 45/100 ($124.45) Dollars; and numbered 145088 for Eighty-five & 96/100 ($85.96) Dollars, totaling Four Hundred and Thirty-five & 28/100 ($435.-28) Dollars, have been charged back to Rand under the heading of 'contra on mdse. sold to Sheehan & Company', shown on Exhibit G, hereafter mentioned, for the reason that after Rand entered into his agency agreement with J. D. Adams Company, he either sold equipment to Sheehan, or Sheehan took such equipment from Rand's warehouse, and on Rand's request, the J. D. Adams Company carried such charge against Sheehan. The J. D. Adams Company has often requested the payment of such charge or charges, and tho often requested the said J. P. Sheehan has failed and refused to pay the same or any part thereof. The inability of the J. D. Adams Company to collect these items from Sheehan for a long period of time, justified the J. D. Adams Company in charging said amount back to commissions due Rand under paragraph nine (9) of the contract between Rand and the J. D. Adams Company, which is Exhibit 'A', hereto attached and to which reference is here again made for certainty."

It will be seen that the above was simply a statement of the facts as they existed and the conclusion drawn by the pleader from his construction of paragraph 9.

There was no fact alleged which needed to be controverted in order to make an issue. The question as to whether the offset claimed could be allowed under the facts presented and the paragraph in question was one of law and, therefore, a matter which the trial court could decide in the absence of any controverting answer.

The trial court concluded that the contract between Rand and the garnishee merely constituted Rand an employee of garnishee; that his compensation was really in the nature of wages; and that paragraph 9, when construed in the light of the entire instrument, is not an unconditional guaranty, but is a guaranty against loss on accounts, rather than a guaranty of the payment thereof.

The correctness of these conclusions is not questioned by the garnishee. If the court be correct in them, and we concur in his construction of said paragraph, then garnishee was not justified in charging back to Rand the $435.28 and the trial court properly rendered judgment against garnishee for that amount along with the sum admitted.

We have carefully examined the briefs of all parties and have concluded that the judgment of the trial court is correct, except that portion which awarded the sum of $900 to Mrs. Rand.

The judgment in her favor is accordingly reversed, and judgment here rendered in favor of appellant for that amount. The judgment in all other respects is affirmed.

HIGGINS, J., being disqualified, did not sit in this case.