LEON & H. BLUM ET AL. v. W. J. MOORE, GARNISHEE, ET AL.

No. 580.—Decided November 22, 1897.

**1. Garnishment—Answer—Controverting Affidavit.**

A garnishee's answer can only be controverted by affidavit as provided by Rev. Stats., art. 245. An unsworn "supplemental petition" of plaintiff charging that a deed of trust, which the garnishee by his answer alleged to be a valid transfer to him of property of the debtor for the benefit of his creditors, was fraudulent and void, does not put in issue the validity of such deed. (P. 276.)

**2. Same.**

A garnishee's answer which alleged a valid transfer of the debtor's property to him, but did not present a copy of it as an exhibit nor recite its contents, did not, in the absence of a controverting affidavit, authorize the court to receive evidence of the contents of such instrument or treat it otherwise than as valid. (P. 277.)

**3. Garnishment—Answer—Amendment.**

Since the garnishee has the right to amend his answer, it would seem that, where the amended answer is evidently a substitution for the original, the latter ought to go out of the case, save perhaps as evidence in the event the amended answer is controverted. (P. 277.)

**4. Assignment of Errors.**

Errors by the trial court not assigned as such on appeal and those of the appellate court not assigned on writ of error will not be considered by the Supreme Court. (P. 277.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Galveston County.

*Scott, Levi & Smith* and *Davidson & Minor*, for plaintiffs in error.— The District Court of Galveston County did not err in holding that the garnishee, W. J. Moore, by his original answer, admitting an indebtedness to Grant Bros., and asking that all the beneficiaries of said deed of trust, including appellees, be made parties to suit in Galveston County and that the deed of trust be construed and the funds paid out according to the judgment of the District Court of Galveston County, thereby submitted himself to the jurisdiction of the said District Court of Galveston County. Swearingen v. Wilson, 21 S. W. Rep., 76; Liles v. Woods, 58 Texas, 418; Watson v. Baker, 67 Texas, 50; Wood Machine Co. v. Edwards, 29 S. W. Rep., 418.

The garnishee W. J. Moore having answered voluntarily as to the indebtedness and otherwise invoking the jurisdiction of the District Court, said District Court not only had jurisdiction of the said W. J.

Moore as said garnishee, but also had the right to determine the respective rights of appellees, viz: Leon & H. Blum, Marx & Blum, and Moore, McKinney & Co., set forth in their petition and interventions, wherein each of them alleged that they had the superior right and lien to the funds and property in possession of said garnishee, an issue thus being made by said petition and interventions between said appellees, all of whom reside in said Galveston County.   Middlebrook & Bro. v. Bradley Mfg. Co., 86 Texas, 706; Clegg v. Varnell, 18 Texas, 304; Hall v. Hall, 11 Texas, 548; Templeman v. Gresham, 61 Texas, 51.

It appearing not only from the answer of the said garnishee that he was indebted to the said Grant Bros. in the sum of $224, but said fact also appearing from what garnishee termed was his plea to the jurisdiction filed after his said answer had been filed, the District Court having thus jurisdiction of said garnishee upon such admitted indebtedness, to avoid a multiplicity of suits and to settle in one suit the respective rights of all parties, lawfully retained jurisdiction of all the matters involved in said suit.   Same authorities.

It was not necessary on the part of appellees to controvert the answer of the garnishee, his liability appearing upon the face of his answer. 21 S. W. Rep., 74.

Appellant W. J. Moore, having voluntarily answered an indebtedness and otherwise submitting himself to jurisdiction of the District Court of Galveston County, he could not thereafter, by an amended answer, take from the said District Court of Galveston County the jurisdiction thus obtained over him by his said answer.   The appellant W. J. Moore by his original answer entered his appearance in said District Court and thereby waived his right to have the issues in said suit determined in Burleson County.

*Spencer Ford, James E. Butler, Hume & Kleberg*, for defendants in error.—The court erred in assuming jurisdiction of the cause over the protest and plea of garnishee, W. J. Moore; because, said garnishee being a non-resident of Galveston County and having answered the writ of garnishment upon commission and his answer not being controverted by the plaintiffs, as required by law, the court was without power or jurisdiction to render judgment against said garnishee, except in so far as his said answer itself, without resorting to extrinsic evidence, disclosed his liability to the plaintiffs.   Rev. Stats., arts, 245, 247, 249.

The court erred in rendering its judgment against the garnishee, W. J. Moore, for more than $224; because, said garnishee, being a non-resident and having answered upon commission, admitted in his answer that he was indebted to the judgment debtors in that sum and that all the other property of said judgment debtors in his hands was held by him under a valid deed of trust, executed by said judgment debtors prior to the rendition of the judgment against him for the benefit of certain creditors therein named, and said answer was not controverted

by plaintiffs, as required by law, and, if controverted at all, was not triable in the District Court of Galveston County, but triable alone in the District Court of Burleson County, where said garnishee resides. Same authorities.

The court erred in rendering judgment against said garnishee for more than said sum of $224, which he admitted in his answer to be due; because, his claim in his answer that he did not owe anything else to the judgment debtors and knew of no one else who did or had any effect of said judgment debtors in their hands was not controverted by the plaintiffs, and, had it been so controverted, its determination was within the exclusive jurisdiction of the District Court of Burleson County. Same authorities.

The answer of the garnishee can not be contradicted or disproven by extrinsic evidence, unless the same has first been controverted by affidavit, as required by statute. Same authorities, and Simon v. Ash, 1 Texas Civ. App., 202.

*Scott, Levi & Smith, Davidson & Minor* and *Lovejoy, Sampson & Malevinski*, for plaintiffs in error, moved for a rehearing on the ground that "The court erred in its judgment rendered in said cause on November 22, 1897, in that this Honorable Court reversed and rendered said cause when it should have been reversed and remanded, conceding that the judgment of the court upon the propositions of error therein assigned were correct."

The motion was overruled.

GAINES, CHIEF JUSTICE.—The plaintiffs in error, Leon & H. Blum, brought suit in the District Court of Galveston County for the recovery of a debt and sued out a writ of garnishment against defendant in error Moore, who lived in Burleson County. The garnishee did not answer the writ; whereupon the plaintiffs sued out a commission under the statute to compel him to answer. Rev. Stats., arts. 228-9. The officer to whom the commission was directed issued a citation to the garnishee, and in obedience to the writ he appeared and answered, in substance, that he owed the defendants in the original suit the sum of $224, and that he had certain effects of the defendants in his hands which he was administering as trustee under a deed of trust executed by them to him in order to secure certain of their creditors, and that such effects were not, in his opinion, of sufficient value to pay the debts thereby secured. The answer set forth the property, both real and personal, which had been mortgaged by the trust deed, together with the names of the preferred creditors and the amounts of their respective debts. The garnishee also answered that he had been garnished by other creditors of Grant Brothers, the defendants, and that he did not recollect which writ had been served first, and prayed that such other garnishing creditors, who were named, as well as all other creditors, be made parties.

This answer was filed May 21, 1894. It was excepted to but the exceptions were overruled.

On the 6th day of December, 1894, the garnishee by leave of the court filed an amended answer, in which he repeated his allegations as to the deed of trust, and averred that it was a valid instrument as to the property embraced in, and the creditors secured by it. In this answer he also alleged that much of the property had been disposed of and the proceeds deposited to await the result of the suit, under written agreements made by the parties at interest, which agreements were made parts of the answer. In the amended answer, the garnishee did not aver as in the original, that the property was not more than sufficient to pay the preferred creditors. He again prayed as before, that new parties be made, and further, that he be adjudged to pay only the admitted indebtedness, $224, and, in addition, the surplus that might remain in hands after the payment of the secured creditors, in the execution of the trust.

To the answers the plaintiffs filed what they styled a supplemental petition, in which they undertook to controvert the answer, and in which they alleged that the deed of trust was fraudulent and void. This pleading was not under oath. . Other garnishing creditors made themselves parties and adopted the pleading of the plaintiff, but neither were their answers verified by affidavit. Other parties were made, but we do not find it necessary to refer to their pleadings. Assuming that the pleadings made an issue as to the validity of the deed in trust, the court upon the trial heard evidence upon the question, and held the instrument void and gave judgment for the garnishing creditors against the garnishee. On appeal from the judgment, the Court of Civil Appeals held the deed in trust valid and reversed the judgment of the trial court and rendered judgment accordingly.

The proceeding for the collection of a debt by a garnishment is purely statutory; and in order for a party to avail himself of the remedy the requirements of the statute must be strictly pursued. Givens v. Taylor, 6 Texas, 315. The statute might have made the answer of the garnishee conclusive; but it does not do this. It provides a method and but one method, by which the answer may be controverted and its statements put in issue. The provision is: "If the plaintiff should not be satisfied with the answer of any garnishee, he may controvert the same by an affidavit in writing, signed by him, stating that he has good reason to believe, and does believe, that the answer of the garnishee is incorrect, stating in what particular he believes the same is incorrect." Rev. Stats., art. 245. The affidavit is essential in order to make an issue; and hence an attempted traverse of the garnishee's answer, which is not sworn to, is a proceeding not authorized by the statute,—is necessarily a nullity and and should be so treated by the court. It follows, that the trial court should have taken the answer of the garnishee as true, and should merely have charged him with such liability as was disclosed by its admissions. The Court of Civil Appeals so ruled; but held further

that it was proper to consider the orignal answer, and that, since the deed in trust was referred to therein, it was also proper to consider it and to say whether or not it was void upon its face. They, however, as we have said, held the instrument valid. When we granted the writ we were inclined to think that this ruling was erroneous, but a careful inspection of the record satisfies us that the question is not presented. It is not necessary to determine whether or not it was proper to look to the first answer. It is generally held that the garnishee has the right by leave of court to amend his answer; and if so, it would seem that where the amended answer is evidently a substitution of the original, the latter ought to go out of the case, save perhaps as evidence in the event the amended answer be controverted. But however that may be, the original answer was not accompanied by the deed in trust or a copy thereof as an exhibit, nor did it contain any recitals of its contents, from which it was possible to determine the powers which were attempted to be conferred upon the trustee. It alleged that the mortgage was recorded in Burleson County and in speaking of the property uses the language "all of which said property is fully described in said deed of trust which is here referred to." This did not authorize the court to go out of the record to ascertain the contents of the instrument, or in the absence of an affidavit controverting the validity of the mortgage to permit evidence to be adduced of its contents. To make an exhibit to a pleading the instrument or a copy thereof must be attached to it or filed with it. In other words, it must be made to appear as a part of the pleading; it must be exhibited. No issue having been made as authorized by the statute as to the validity of the instrument, the court should have treated it as valid. Therefore, although we are not prepared to concur in the grounds on which the Court of Civil Appeals based their conclusion, we are of opinion that they reached the correct result.

It may be, that the Court of Civil Appeals should have rendered judgment so as to enable the garnishing creditors to reach any surplus of the trust property or fund that might remain after the payment of the preferred creditors; but their failure to do this is not assigned as error in this court.

That court correctly held that because the appellees (the plaintiffs' in error here) did not assign the allowance of an attorney's fee of $500 to the garnishee as error, they could not there complain of that ruling. The judgment in that particular was against them, and if they wished to reverse the action of the court in allowing the fee they should have complained in a cross-assignment of error.

We deem it unnecessary to discuss the assignments of error in detail. In our opinion the action of the Court of Civil Appeals in reversing the judgment of the District Court and in rendering judgment for the garnishee was correct, and their judgment is therefore affirmed.

*Affirmed.*