## FIRST NAT. BANK OF HALE CENTER v. WILSON. (No. 625.)

Court of Civil Appeals of Texas. Eastland. Nov. 22, 1929.

Williams & Day, of Plainview, for appellant.
Murchison & Davis, of Haskell, for appellee.

LESLIE, J. This is an appeal by the First National Bank of Hale Center from a default judgment taken January 28, 1929, against it as garnishee, in favor of E. M. Wilson, who as plaintiff recovered a judgment on April 30, 1926, in the district court of Haskell county against J. H. Stamps for $875, interest, costs, etc. The judgment was rendered in the same court, and the bank is a corporation, with its domicile and place of business in Hale Center, Hale county, Tex. The affidavit for the writ was filed November 28, 1928, after judgment. It contained the requisite allegations, that said bank was indebted to J. H. Stamps and had effects in its hands belonging to him, the specific allegations in this respect being that it had in "its hands effects belonging to said J. H. Stamps or to J. D. Stamps, being the alias name of said J. H. Stamps, the defendant, said J. H. and said J. D. Stamps being one and the same person defendant." The writ of garnishment was in due form, containing the statutory questions and specifically summoning the garnishee "to answer upon oath (among other questions) what, if anything, it is indebted to said J. H. Stamps or to J. D. Stamps, said J. H. Stamps and said J. D. Stamps being one and the same person," etc.

In obedience to the writ, the garnishee in due time filed its verified answer, stating: (1) That it was not indebted in any amount to said J. H. Stamps; (2) that it was not in possession of any effects belonging to him; and (3) that it knew of no person who was so indebted or had in his possession effects belonging to him.

In addition, the answer of the garnishee went further and stated that J. H. Stamps was not known to it as J. D. Stamps or so known to any other person known to the garnishee, and that *said J. H. Stamps did not go by the name of J. D. Stamps.* The answer was not controverted by the plaintiff, whose right to do so is clearly provided for in article 4094 of the Revised Statutes. It was filed in the district court of Haskell county January 4, 1929. Thereafter on January 28, 1929, the plaintiff Wilson filed in said court a motion for a default judgment. This motion calls the court's attention to the garnishee's answer and, upon the alleged grounds that it constituted (1) no answer at all, (2) that it failed to answer what money or effects *belonging to J. D. Stamps* were in its possession, and (3) that its answer was an evasion of the inquiries in the writ, the plaintiff claimed the right to have a judgment entered in its favor against

the garnishee in the district court of Haskell county. The garnishee made no further appearance in the case, and the court in acting upon the plaintiff's motion granted a default judgment against the garnishee.

By various assignments the garnishee complains that the judgment against it should not have been entered for any of the reasons set forth in the plaintiff's motion, and by specific propositions the contention is made that its answer to the writ entitled it to a judgment discharging it of all liability.

These propositions will be considered together, and in doing so we think it is correct to say that for the purpose of determining the rights of the garnishee the facts stated in his answer are, according to the general rule, and frequently by express statute, to be regarded as true, unless traversed. 28 C. J. p. 300, § 451. Our statute (article 4094) provides: "If the plaintiff should not be satisfied with the answer of any garnishee, he may controvert the same by his affidavit stating that he has good reason to believe, and does believe, that the answer of the garnishee is incorrect, stating in what particular he believes the same is incorrect."

From this provision it appears that the uncontroverted answer of the garnishee is conclusive of the plaintiff's right to a judgment. The language of the statute necessarily makes it so, since it provides that the plaintiff may controvert the answer "if he should not be satisfied" therewith, "stating in what particular he believes the same is incorrect." Having failed to challenge the garnishee's answer as being untrue or incorrect, the plaintiff is deemed to be satisfied therewith. In other words, where the garnishee's liability is to be determined by his answer, either because it is by law conclusive, or because the plaintiff does not see proper to controvert its statements, the rules governing the judgment to be rendered thereon are few and simple. Drake on Attachments, § 659, states them briefly thus:

"1. In order to charge the garnishee on his answer, there must be in it a clear admission of a debt due to, or the possession of money or other attachable property of the defendant.

"2. Where there is not an explicit admission of a debt, but still, from the statements of the answer the indebtedness to or the possession of attachable property of the defendant clearly appears, judgment should go against the garnishee. * * *

"5. Where the garnishee denies being indebted to, or having in his possession attachable property of the defendant; or his answer, though vague and inartificially drawn, contains substantially a denial thereof, judgment must be rendered in his favor, unless, from the statements of the answer it appear that the denial is untrue; in which case the denial will be disregarded and judgment rendered against him.

"6. * * * If it be left in reasonable doubt whether he is chargeable or not, he is entitled to a judgment in his favor. * * *"

These rules are indicated in substantially the same language in 28 Corpus Juris, p. 328, where many Texas authorities are cited in approval of the same.

Bearing in mind the above rules, and looking to the garnishee's answer in the instant case as a basis for a judgment, we are of the opinion that it affords no basis at all for one favorable to the plaintiff. Although the answer does not affirm that the garnishee does not owe J. D. Stamps, the alias of J. H. Stamps, or had effects belonging to him, yet it cannot be said that the answer contains a clear admission or any admission at all of a debt due by it to the defendant J. H. Stamps, or that it is in possession of the effects belonging to him. The answer contains no statement of facts from which the fact of the garnishee's liability for an indebtedness or effects may be adjudged by the court as an inference of law. Goodman v. Henley, 80 Tex. 499, 16 S. W. 432. The answer presents a substantial response to the statutory questions propounded by the writ, and it unequivocally denied any indebtedness to J. H. Stamps, the judgment debtor, or the possession of effects belonging to him. It was equally positive in its denial that J. H. Stamps went by the name of J. D. Stamps. The original judgment, the basis of the garnishment, was against "J. H. Stamps." The alias "J. D. Stamps" appears in the record for the first time in the application for the writ, second, in the writ, and third, in the garnishee's answer. In addition, the answer denied that J. H. Stamps was known to the garnishee as J. D. Stamps, or so known to any other person known to it. Under this state of facts, and in the light of the rules stated, the garnishee should have been discharged from liability under this proceeding.

Of course, if the garnishee had had actual knowledge that J. H. Stamps had in its bank deposits under the name of J. D. Stamps, or had had knowledge of facts putting it on notice or inquiry that such was the case, it would, nevertheless, on such a showing, have been liable (28 C. J. p. 264, §§ 360, 361), regardless of how it acquired such knowledge or information; that is, regardless of whether such information had been conveyed to it in the face of the writ or otherwise. But such matters could only have been gone into by controverting the answer of the garnishee and thereafter trying out the issues arising in the proper forum, the county of the nonresident in the instant case. The plaintiff having failed to do this, and the answer containing a reasonable response to the statutory questions propounded, the garnishee was entitled to a discharge. Article 4086, R. S., 1925; Moore v. Blum (Tex. Civ. App.) 40 S. W. 511; Id., 91 Tex. 273, 42 S. W. 856; McRee et al. v. Brown,

45 Tex. 503; Adams v. McCown, 15 Tex. 349; First National Bank v. Jaggers, 31 Md. 38, 100 Am. Dec. 52; Pittsburgh, etc., Ry. Co. v. Cox, 36 Ind. App. 291, 73 N. E. 120, 114 Am. St. Rep. 377, 383.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.