## MESA PRODUCTION CO. v. SAFFEL.
### No. 820.

Court of Civil Appeals of Texas. Eastland.
March 20, 1931.

Rehearing Denied April 10, 1931.

Lyndsay D. Hawkins, of Breckenridge, for appellant.

M. McCullough and Frank Judkins, both of Eastland, for appellee.

FUNDERBURK, J.

On June 21, 1923, J. M. Saffel, under the name, Waco Casing Crew, recovered judgment against Lyman & Pollard, a copartnership composed of Chas. V. Lyman and J. A. Pollard, and against Chas. V. Lyman individually, for the sum of $1,525. On March 29, 1929, said Saffel filed a petition and affidavit for garnishment against Mesa Production Company, a corporation, whose domicile was alleged to be at Breckenridge, in Stephens county, Tex., commanding the garnishee to make answer as to indebtedness, effects, etc., due or belonging to Chas. V. Lyman. The petition, among other things, stated that Mesa Production Company, a corporation, "is an incorporated company under the laws of Texas." Other allegations were to the effect that Chas. V. Lyman was the owner of shares of stock in the corporation, and that M. K. Lyman, wife of Chas. V. Lyman, also owned stock in the corporation, which was community property of her and the said Chas. V. Lyman. Under leave of the court, garnishee's original answer was amended. The amended answer first set up a compromise agreement made during the pendency of the suit, whereby the garnishee was to pay the said Saffel $350, and to take care of the fee of its attorney, and plaintiff was to cancel and hold for naught the said judgment of June 21, 1923, which formed the basis of the garnishment proceeding. In the alternative, garnishee answered, as it had originally done, to the general effect that it was not indebted to said Chas. V. Lyman nor his wife, M. K. Lyman; that it had in its possession no effects belonging to either. In compliance with the directions of the statute, it further answered by acknowledging that Chas. V. Lyman was the owner of 4 shares of stock in the corporation of the alleged value of $1 per share, and that Mrs. M. K. Lyman was the owner of 2,495 shares of stock in the corporation, and that same was her separate property.

The answer of the garnishee was not controverted except by a pleading styled "Plaintiff's First Supplemental Petition," which consisted of a number of special exceptions

to the garnishee's amended answer, and, in addition thereto, the following: "Subject to the above exceptions this plaintiff denies generally each and every allegation in the garnishee's answer, save and except the answer to the statutory questions provided in the writ of garnishment, and of this he puts himself upon the country." This pleading was not verified by affidavit.

Upon these pleadings the case was tried with a jury, who found, (1) that Saffel did not authorize his attorney to settle the matter in controversy for $350 upon the consideration in part that said Saffel would transfer and assign to said Mesa Production Company the said judgment in question; (2) that Saffel did not expressly authorize said attorney to settle the suit for $350 upon the consideration in part that plaintiff would cancel said judgment; (3) that, at the time of the service of the writ of garnishment, the shares of stock standing in the name of Mrs. M. K. Lyman were not her separate property; and (4) that said Mrs. M. K. Lyman knew of the pendency of said garnishment proceeding. Based upon these findings of the jury, the court below gave plaintiff judgment against garnishee, foreclosing the garnishment lien upon the 4 shares which the answer admitted stood on the books of the company in the name of Chas. V. Lyman, and as to the 2,495, shares standing in the name of Mrs. M. K. Lyman at the time of the service of the writ, but which had, pending the suit, been transferred to other parties, the court found the value thereof to be $2,495, and gave plaintiff judgment against the garnishee for $2,250 as the amount of Saffel's judgment, with interest and costs. From this judgment the garnishee has appealed.

■ Appellant contends in the first place that the undisputed evidence showed that the plaintiff, through his attorney, duly authorized, had accepted a proposition to settle the matter in controversy upon the payment by garnishee of $350, and the fee of its attorney, and plaintiff agreeing to pay the other costs of the suit and to cancel the judgment upon which the garnishment proceeding was based; that accordingly a peremptory instruction, as requested, should have been directed for garnishee. In the trial court the controversy seems to have centered about the authority of plaintiff's attorney to make the compromise agreement. The court may have been in error in basing its judgment upon the question of the authority of the attorney. We conclude, however, that the judgment was correct, because the evidence did not show, at least with that degree of conclusiveness necessary to make it a question of law, that it was a part of the settlement agreement that plaintiff should cancel the said judgment upon which the writ of garnishment issued. The proper interpretation of the evidence, we think,

shows that, before the negotiations for a settlement were finally concluded, the plaintiff discovered that such negotiations had proceeded upon a wrong assumption on his part, induced in part by representations of the president of garnishee corporation, and perhaps his own attorney, that he was not to release the judgment as to Pollard, who was at least thought to be bound by the judgment. Plaintiff testified: "Mr. Johnson said that if I would take the $350.00 that I could come back on Mr. Pollard for the rest of the judgment. * * * As to whether or not there was anything said about my settling the judgment against Pollard, that is what they told me that I could come back on Pollard for the rest of the judgment. They let me believe that I had a judgment against Pollard, too. I didn't find out that I only had a judgment against Lyman until Judge McCullough explained it to me after he fixed up this release." Under the circumstances, and without reference to the fault of any one, we think this testimony, if true, shows that plaintiff was justified in refusing to execute the release. The minds of the parties never met upon all the material provisions of the settlement. It is therefore immaterial if the judgment of the court in this respect may have been based upon the wrong theory.

The judgment of the trial court should be affirmed in so far as it foreclosed a lien and ordered sale of the 4 shares of stock which garnishee's answer disclosed belonged to C. V. Lyman.

■ The judgment awarding plaintiff recovery of the sum of $2,250 must be reversed and rendered in favor of garnishee. That part of the judgment is directly contrary to the garnishee's answer. The garnishee's answer was not controverted under oath. In the absence of a controverting affidavit, the allegations of the answer were required to be taken as true. That included the allegation that the 2,495 shares of stock standing in the name of Mrs. M. K. Lyman were her separate property. This question is definitely ruled by the opinion of the Supreme Court in Blum v. Moore, 91 Tex. 273, 42 S. W. 856. In that case Judge Gaines, speaking for the court, said: "The affidavit is essential in order to make an issue; and hence an attempted traverse of the garnishee's answer, which is not sworn to, is a proceeding not authorized by the statute, is necessarily a nullity, and should be so treated by the court. It follows that the trial court should have taken the answer of the garnishee as true, and should merely have charged him with such liability as was disclosed by its admissions." This decision, so far as we know, has not been modified by any subsequent decision, and in part formed the basis of the conclusion reached by this court and announced in First National Bank v. Wilson, 22 S.W.(2d) 546. These con-

clusions effectually dispose of all the questions presented that are material.

The issues submitted to the jury, other than those having reference to the compromise settlement, were immaterial, because they had no basis in the pleadings.

It is therefore our opinion that the judgment of the trial court should be affirmed in part and reversed and rendered in part, as above noted, and it is accordingly so ordered.

### On Rehearing.

■ Appellant and appellee have filed motions for rehearing. Appellant reasserts the proposition that we should have taken as true the allegations of its answer to the effect that it had agreed upon a settlement of the controversy for the sum of $350, and the other terms, as mentioned in the original opinion. We meant to express the view in the original opinion that we could not give effect to this agreement because, while it was still executory, the appellee repudiated it. We have no jurisdiction to decree a cancellation of the judgment, and, if we should hold appellant to a liability for $350, our judgment at the same time not being res adjudicata as to the cancellation of the judgment, the appellant would be deprived of its money without any consideration or benefit. Appellant evidently did not construe our opinion as entailing such a consequence, and we have therefore deemed it appropriate to say this much in response to appellant's motion.

■ Appellee insists that, in order to serve the ends of justice, the case should be remanded and not rendered. This contention has. made it necessary that we look to the evidence, if any, which was offered to show that the stock in the Mesa Production Company which stood upon the books in the name of Mrs. Lyman, was not her separate property. The appellant presented a proposition contending that the evidence was insufficient to support a finding that the stock was not the separate property of Mrs. Lyman. Since appellant, by its answer as garnishee, alleged that the stock was the separate property of Mrs. Lyman, the burden of proof was thereby cast upon appellee to show that it was not. Moffet on Exemptions and Writs, p. 139, and authorities there cited. The only evidence on the question tends to show that the stock was the separate property of Mrs. Lyman. We doubt if appellee was entitled to the benefit of the statutory presumption that property acquired during the marriage relation is community property. Had appellee offered no evidence whatever on the question, we think the rule above stated would have required the court to hold that appellee had not discharged the burden of showing that the garnishee's answer was untrue. In Hall Music Co. v.

Robinson, 7 S.W.(2d) 625, we held that, where the burden of proof is upon one party to establish a fact and the only evidence on the question are denials of that fact by the adverse party, a jury question is not raised under the general rule that the testimony of interested parties, even when uncontradicted, raise only issues for the jury.

We would appear to have the same situation here. Although the only testimony on the question was that of interested witnesses, yet, since same afforded no support of the fact which appellee had the burden of proving, we would have been compelled, had we reached that question, to sustain the appellant's assignment as to the insufficiency of the evidence. Being of this view, we do not believe that the ends of justice require a remand of the case. No testimony was excluded on the ground that the controverting answer was unverified, but, on the contrary, it appears that the case was fully developed.

It is therefore our opinion that the motions of appellant and appellee should be overruled, and it is accordingly so ordered.