### SCOTT LUMBER CO. v. STEPHENS et al.
#### No. 9400.

Court of Civil Appeals of Texas. San Antonio.

Aug. 14, 1934.

Rehearing Denied Oct. 3, 1934.

S. L. Gill, of Raymondville, and John W. Hill, of Carrizo Springs, for appellant.

A. B. Crane, of Raymondville, for appellees.

BICKETT, Chief Justice.

This appeal is brought by a plaintiff in garnishment from a county court judgment rendered in favor of a garnishee upon the basis of the pleadings without a trial upon the facts. The correctness of the judgment is to be tested by the sufficiency of the pleadings.

A. C. Ware, in response to a writ of garnishment, issued at the instance of Scott Lumber Company, in connection with its action against P. A. Stephens upon promissory notes aggregating $573.40 principal, answered under oath, in substance, as follows: That, at the time of the service of the writ, the garnishee had a contract with P. A. Stephens, H. S. Stephens, and W. A. Stephens for the construction of a house "at an agreed price of $930.00 for a turn-key job"; that the garnishee, having agreed to pay for all material and for labor other than that of the contractors, had paid $498.40 for material and $40 to the Stephens prior to service of the writ; that P. A. Stephens quit the job immediately after service of the writ, and W. A. Stephens and H. S. Stephens thereafter completed it; that the garnishee subsequently paid W. A. Stephens $92.41 and H. S. Stephens $27, and also paid another $285.79 for material; that the garnishee was not indebted to P. A. Stephens at the time of service of the writ, nor at the time of the filing of the answer, nor at any time since the service of the writ; that the garnishee did not know "of any person who is indebted to the said P. A. Stephens nor any person or persons who have any of his property in their possession, either, at the filing of the suit, the time of service of the writ or at any time since such and does not know of such at this time."

The plaintiff, in reply to the garnishee's answer, filed a motion to strike, presenting in effect a general demurrer, and a supplemental petition, containing only special exceptions. There was no controverting plea verified by affidavit.

The defendant, P. A. Stephens, filed an unsworn answer by way of intervention in the garnishment suit, alleging that any sum that might be held to be due by the garnishee to him constituted current wages and, as such, was exempt. To this answer, the plaintiff replied by a supplemental petition, consisting of a motion to strike and three special exceptions.

The judgment in substance is: That the respective motions to strike the answer of the garnishee and the answer of the defendant be overruled; that, upon the hearing of the demurrer and special exceptions of the defendant to the plaintiff's petition, the court is of the opinion that the amount due, if any, by the garnishee to the defendant is exempt, as current wages, from garnishment; and that, therefore, the plaintiff take nothing as against the garnishee. The judgment shows upon its face that there was no trial upon the merits.

■ The answer of the garnishee was not subject to the motion to strike, and, in the absence of appropriate special exceptions or a verified controverting plea, was a sufficient answer to the writ of garnishment.

■ The answer of the defendant was subject to the motion to strike, because it was not sworn to and because it did not show any right or interest upon the part of the defendant in the subject-matter of the garnishment suit.

■ The judgment is without any basis, for the obvious reason that the record does not show any demurrer or special exceptions in the answer of the defendant to the plaintiff's petition.

The record is in such confusion that upon another trial the parties should be required to replead.

The judgment is reversed, and the cause remanded.