The record manifestly discloses that the other charges against the appellant were abandoned by the State.

As the motion for rehearing is understood, no error is perceived. It is therefore overruled.

ROBINSON v. FORT WORTH HOSPITALS HOLDING CORPORATION.

No. 13607.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 22, 1937.

Rehearing Denied Nov. 26, 1937.

Houtchens & Houtchens, J. Elwood Winters, and J. Harold Craik, all of Fort Worth, for appellant.

C. C. Gumm, of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

On November 28, 1935, Mrs. Minnie Lulu Robinson was taken to the Baptist Hospital, operated by the Fort Worth Hospitals Holding Corporation, for treatment for injuries she had received in jumping from a burning building in the city of Fort Worth. Her injuries were of a serious nature, consisting of laceration of the scalp, general contusion and abrasions, and a fractured pelvis. She was carried to the hospital in an ambulance of the Shannon's Funeral Home for emergency treatment, but not at the instance of the hospital authorities nor at the request of Mrs. Robinson herself, who was unconscious at the time, and who remained in that condition for some time after her arrival at the hospital. She remained in the hospital from November 28, 1935, to March 10, 1936, 103 days. During that time she was furnished a room, medicine, and services of doctors. Dr. W. F. Armstrong, one of the hospital surgeons, performed a surgical operation on her scalp and an X-ray examination, which showed the fractured pelvis, for all of which he administered treatment. The charges made for room, medicine, X-ray examination, and doctors' services, aggregated $620.55.

At the time of her injury and treatment, Mrs. Robinson was the wife of Richard Robertson Robinson, a resident of the town of Blue, state of Arizona. A few days before her injury, she arrived in Fort Worth after leaving her husband in Blue where he resided. Her name was entered in the register of patients of the hospital with no knowledge of her antecedents; admission being as an emergency patient. Soon after her arrival, the officers in charge of the hospital made an effort to learn the whereabouts of her husband for the purpose of looking to him for expenses of her treatment, but were unable to locate him until about the time of Mrs. Robinson's discharge from the hospital. Mrs. Robinson was without any means to pay such expenses, and the services rendered were necessary to insure her recovery from the injuries she had sustained.

This suit was instituted by the hospital association against Richard Robertson Robinson, the husband of Mrs. Minnie Lulu Robinson, to recover the value of the services so rendered to her, and defendant has appealed from a judgment against him therefor.

Appellant's first proposition reads as follows: "Since the plaintiff wholly failed to allege or prove that the defendant had failed or refused to provide his wife with necessaries, or that their separation was procured or brought about by acts or omissions upon the part of the defendant, the trial court erred in refusing to grant defendant's request for a peremptory instruction and for the same reason erred in overruling defendant's motion for judgment non obstante veredicto."

That contention is without merit, in view of the facts already recited showing the absolute need of emergency treatment for an injury seriously endangering her life; her want of means to defray expenses of such treatment; the absence of any knowledge that she had a husband, or of his whereabouts at all events; his willful neglect to take any steps for her treatment after learning of her injury; notwithstanding she was then his lawful wife.

There was an absence of any allegation in the petition that at the time of her treatment in the hospital she and her husband had separated, or of her abandonment of him. The facts alleged were sufficient, prima facie, to establish liability of defendant to pay the reasonable value of the services rendered, without further allegations that the same were rendered on defendant's credit, since his liability would arise as a matter of law. Black v. Bryan, 18 Tex. 453, 466; Dallas & W. R. Co. v. Spicker, 61 Tex. 427, 48 Am.Rep. 297, holding that a separation of husband and wife cannot be presumed; Gonzales v. Gonzales, 117 Tex. 183, 300 S.W. 20, holding that the husband will be bound for support of the wife after separation, if he has been guilty of such treatment as to justify her withdrawing from him.

The following further assignments of error appear in appellant's brief, to wit:

(a) Failure of the court to permit defendant to testify that his wife deserted him in Arizona without his consent, and at

a time when he was providing her with all of the necessities of life and such luxuries as he could afford.

(b) Refusal of the court to submit to the jury defendant's requested issue embodying an inquiry whether or not those facts had been established by the evidence.

(c) Refusal of defendant's further requested issue as to whether or not the services for which recovery was sought were furnished solely upon credit of the wife.

(d) Refusal of another requested issue involving a finding as to whether or not plaintiff rendered the services upon the credit of the wife and guaranty of the Hick's estate.

Plaintiff's suit was against the defendant as the husband of Mrs. Robinson, with no allegation of any fact which would warrant an inference that the couple had separated or that she had abandoned him. The petition was good as against a general demurrer. The answer filed to the petition consisted solely of a general demurrer and a general denial. The general denial joined issue on all the allegations in plaintiff's petition, but it was not a sufficient basis for the defenses embodied in the assignments just noted. Those were special defenses not available under the general denial. Geyser Ice Co. v. Sharp (Tex.Civ. App.) 87 S.W.(2d) 883. Therefore, appellant is in no position to invoke the rule announced in many decisions, to the effect that the husband is not liable for necessaries furnished his wife who has abandoned him, without his fault and against his consent after he has furnished her sufficient means to supply such necessaries; the decisions cited including Sanger Bros. v. Trammell (Tex.Civ.App.) 198 S.W. 1175; Fields v. Florence (Tex.Civ.App.) 123 S.W. 187; Crosby v. Harris & Co. (Tex.Civ. App.) 234 S.W. 127; Colonna v. Kruger (Tex.Civ.App.) 246 S.W. 707.

Hence, the four assignments of error last noted are overruled.

The finding of the jury that on January 24, 1936, some two months after plaintiff had begun the care of Mrs. Robinson, it was informed of the suit seeking a divorce from his wife, could not of itself furnish any defense in this suit under the facts, pleadings, and authorities noted above.

Miss Gertrude Medford, employed by plaintiff to keep a record of charges made for treating patients, exhibited the record showing items charged for treatment of Mrs. Robinson. That record was introduced in evidence over defendant's objection that according to testimony of the witness most of those entries were made by another girl who had preceded her in the same position. If there was error in that ruling, it was rendered harmless, since Dr. Armstrong, the physician in charge of the case, testified, without contradiction, that all the charges shown in the book were reasonable and customary, and necessary.

Those charges included the item of $150 for medical services rendered, entered as of date March 24, 1936. Appellant insists that charge should be rejected because of variance with plaintiff's pleadings, in which it was alleged that the services rendered were from November 28, 1935, to March 10, 1936. There is no merit in this assignment, since the proof showed without contradiction that the physician's services for which the charge was made began when Mrs. Robinson was first brought to the hospital and continued until her discharge on March 10, 1936; and that the entry on the books was intended as a lump sum charge for the entire services of physicians.

All assignments of error are overruled, and the judgment of the trial court is affirmed.