### VICK et al. v. MERCHANTS' FAST MOTOR LINES, Inc., et al.

### No. 2137.

Court of Civil Appeals of Texas. Eastland.

May 2, 1941.

Rehearing Denied May 16, 1941.

Herbert L. Tuchin and Lyndsay D. Hawkins, both of Breckenridge, for appellants.

Todd, Crowley & Thompson, of Fort Worth, and L. H. Welch, of Breckenridge, for appellees.

GRISSOM, Justice.

March 25, 1919, John R. Thomas executed a promissory note for $600 payable to the order of W. F. Vick. In 1931 Thomas executed a renewal note. In 1936 Thomas executed his promissory note for $968.89, payable to the order of W. F. Vick. This note was for the unpaid balance of principal and interest then due on said second note. On April 6, 1940, Mrs. W. F. Vick, the widow of W. F. Vick, deceased, and Era Smith and her husband, C. B. Smith, as plaintiffs, filed suit on said third note against John R. Thomas. (Mrs. Vick and Era Smith are the heirs of W. F. Vick, deceased.) On May 8, 1940, plaintiffs in said suit obtained a judgment against John R. Thomas on said third note for the sum of $1,422.75.

On June 22, 1940, the automobile in which John R. Thomas and his wife, Lucille, and his daughter, Hermoine, were riding, collided with a truck owned by Merchants' Fast Motor Lines, a corporation. The accident resulted in the immediate death of Mrs. Thomas, injuries to John R. Thomas and said daughter, and damage of the Thomas automobile.

On July 9, 1940, John R. Thomas and the children of John R. Thomas and his deceased wife, instituted a suit against the Merchants' Fast Motor Lines to recover damages resulting from said collision, and, in particular, to recover damages arising from the death of Mrs. Thomas. On July 9, 1940, the parties to said suit agreed upon a judgment, which was rendered on that day. The judgment awarded to John R. Thomas "for his personal injuries and property damage" $1,250; to Hermoine for personal injuries and property damage $1,500; to all plaintiffs on account of the cause of action arising by reason of the death of Mrs. Thomas "to be apportioned as the court may deem just" $6,000. The court then proceeded to hear evidence and approved the settlement and apportioned the recovery for the death of Mrs. Thomas among the plaintiffs, and awarded to John R. Thomas $1,200 as the amount to which he was entitled by reason of the death of Mrs. Thomas. A part of the recovery of each plaintiff was awarded to their counsel. The judgment recited that the court, after hearing evidence on the pleas of intervention, found that, on June 27, 1940, valid assignments of John R. Thomas's cause of action in said suit were executed to Dr. Kessler for $300; to West Side Hospital, $363.50; to Thompson-Kiker Funeral Home, $240; to Mrs. McKinley, $65; to McDowell Chevrolet Company, $355.75, and to his counsel $453.25. It was ordered that the defendant pay such amounts directly to said interveners "to be deducted from the recovery in favor of John R. Thomas". The judgment further recited this judgment is "being paid by the defendant at the time of the entry hereof, and in accordance with the provisions hereof, except that portion of the judgment represented by the net balance in favor of the plaintiff, J. R. Thomas, in the sum of $672.47 * * *."

The plaintiffs in the cause of Mrs. W. F. Vick et al. vs. John R. Thomas, on July 1, procured the issuance and service of a writ of garnishment (based on their judgment of May 8, 1940) against Merchants' Fast Motor Lines. On July 13, the garnishee filed its answer under oath in which it stated: (1) "Except as hereafter shown in paragraph 7 of this answer, garnishee is not now indebted to John R. Thomas and was not indebted to him when the writ

of garnishment was served upon it." (2) That garnishee has not and did not have when the writ was served any effects belonging to Thomas. (3) That garnishee knew of no persons indebted to Thomas. (4) That it knew of no person who had effects belonging to Thomas. (5) That Thomas owned no shares of stock in the garnishee corporation and did not own any when the writ was served, and (6) that Thomas had no interest in the garnishee corporation. In paragraph 7, the garnishee's answer alleged the facts of the automobile collision; that Thomas claimed liability of the garnishee for damages resulting from injuries, and property damage, and that Mrs. Thomas was killed as a result of the collision; that the Thomas children made claims for damages; that on July 9, 1940, a suit was filed by Thomas and his children against the garnishee. That on July 9, 1940, the parties to that suit settled and compromised all claims arising out of said collision, pursuant to which a judgment was entered by the terms of which "a net balance of $672.47 was adjudicated to John R. Thomas; that after the entry of said judgment, the same was paid off in full as to all plaintiffs and interveners, except said net balance adjudicated to John R. Thomas, that said judgment in favor of John R. Thomas is unpaid and is a valid and subsisting judgment against garnishee."

On July 15, John R. Thomas intervened in said garnishment suit, alleging the facts relative to the automobile collision, the resulting injuries, and the death of Mrs. Thomas, the settlement agreement and judgment; that judgment was rendered against garnishee in favor of John R. Thomas "for the sum of $672.47, and as shown by the judgment therein entered July 9, 1940, and now on file among the papers in said cause * * *." Thomas alleged that said judgment in his favor for $672.47 was recovered by virtue of the provisions of Art. 4675, Vernon's Ann. Civ.St., as damages resulting from the death of his wife, and was, therefore, exempt from garnishment; that the debt which the plaintiffs, Mrs. Vick, et al., reduced to judgment against him "was the community debt of intervener and· his deceased wife * * * and was and is under the provisions of statute the debt of the deceased, Lucille E. Thomas, and under provisions of Art. 4675 * * * expressly exempt from the writ of garnishment * * * and from all debts of the deceased Lucille E. Thomas." Intervener Thomas prayed for judgment against Mrs. Vick, et al "that said sum of $672.47 be and the same is by provision of statute exempt to this intervener * * *."

The plaintiffs in garnishment (Mrs. Vick et al) filed their answer to the plea of intervention of Thomas, which consisted of a general demurrer and a special exception to the effect that the plea of intervention was insufficient to authorize a judgment holding that the $672.47 was exempt from garnishment "because it appears conclusively from the record herein that this garnishment proceeding is based upon a judgment against defendant John R. Thomas alone, and so is not an attempt to subject the fund impounded by the writ of garnishment to a debt of his deceased wife, as contemplated by R.S. Art. 4675 * * *." Plaintiffs further denied all the allegations in Thomas's plea in intervention.

Intervener Thomas filed a supplemental petition, alleging that on May 8, 1940, and long prior thereto, intervener and Lucille Thomas, deceased, were husband and wife; that the note sued upon by Mrs. Vick et al, and upon which judgment was entered May 8, 1940, was a note executed "by intervener for an obligation incurred by his wife * * * for medical treatment and other expenses, and was a community debt of this intervener and his deceased wife * * *." He further alleged that at the time the expenses were incurred for which said note was given that intervener and his deceased wife were living together as husband and wife and "the obligation therein was the community obligation or debt of this intervener and his wife * * *." That the judgment obtained by Mrs. Vick et al against him on May 8, 1940 and out of which grew the writ of garnishment "was a community obligation and as much the debt of Lucille E. Thomas as of this intervener and was a joint community obligation."

Plaintiffs' general demurrer and exceptions to the plea of intervention were overruled. At the close of the evidence plaintiffs' motion that the court charge the jury peremptorily in their favor "as against the intervener" was overruled. The court instructed the jury to return a verdict for the intervener Thomas and against the plaintiffs Mrs. Vick et al. Upon this instructed verdict a judgment was rendered against plaintiffs and for intervener. The judg-

ment discharged the garnishee. The reason for the trial court's action is disclosed in the judgment as follows: "And, it appearing to the court that the judgment in favor of the plaintiffs, Mrs. Vick et al, against the intervener John R. Thomas, which is the basis of this garnishment proceeding, evidences a community debt of the deceased wife, Lucille E. Thomas, and of said intervener, and so the sum admitted in the answer of garnishee to be due to said intervener on account of the death of his said wife is exempt to said intervener under the provisions of Art. 4675 * * *." The judgment awarded the $672.47, impounded by the writ of garnishment, to the intervener Thomas, and awarded the garnishee judgment against plaintiffs for $20 attorneys' fees. Plaintiffs have appealed.

Appellants, by their first three propositions, make the following contentions: (1) That the intervener's pleadings were insufficient to support the judgment awarding the $672.47 to Thomas; (2) that the evidence shows, as a matter of law, that the debt, which is the basis of the garnishment proceeding, was not a debt of the deceased wife of intervener exempt to him under Art. 4675. (3) That, as a matter of law, under the evidence, the fund impounded by the writ of garnishment was not exempt to Thomas under Art. 4675.

The appellees' counter proposition is as follows: "There was competent evidence in this case to show that the judgment upon which the writ of garnishment was issued was based upon a renewal note signed by John R. Thomas, and that the original note was given by said Thomas upon a community obligation of himself and his wife, Lucille Thomas; therefore, the money impounded by the garnishment was exempt money under the provisions of Article 4675, R.C.S. and the findings of the court, based upon such evidence, that the fund was exempt should be sustained on appeal."

▪ The last sentence in Art. 4675 provides: "The amount recovered shall not be liable for the debts of the deceased." The phrase "debts of the deceased" has apparently never been construed. However, we think it cannot be reasonably contended that a debt for which neither the deceased nor her separate estate is liable, is a "debt of the deceased" within the meaning of the statute. Appellees contend, and the court held, that the debt or judgment owing to Mrs. Vick et al, by John R. Thomas, was "a debt of the deceased" because it was a debt which could be collected out of the community estate. This is not a proper test. If so, then a debt of John R. Thomas created by him before he ever saw his deceased wife is also a debt of his deceased wife, because such a debt of Thomas may be collected out of the community estate. Crim v. Austin, Tex.Com.App., 6 S.W.2d 348, 349; 23 Tex.Jur. 176.

Mrs. Thomas signed none of the notes. She was not sued and the judgment was against John R. Thomas alone. See Farm & Home Savings & Loan Ass'n v. Abernathy, 129 Tex. 379, 383, 104 S.W.2d 1111. The substance of Thomas's testimony with reference to the purpose for which the money was borrowed from Mr. Vick was that Mrs. Thomas had an operation; that Thomas borrowed the money from a bank to pay the doctor and hospital bills, and that Thomas borrowed the money from Mr. Vick for the purpose of paying the bank the debt so incurred. The operation had been performed. Mrs. Thomas was out of the hospital and was present when Thomas signed the original note. There is testimony in the record tending to refute this contention and tending to show the money was borrowed and used for a different purpose. It should be remembered this is a judgment based upon an instructed verdict for intervener Thomas. However, if the testimony of the intervener was undisputed, it goes no further than merely to show that the original note to Vick, a second renewal of which was the immediate basis for the judgment for Mrs. Vick et al against Thomas, constituted the debt of Thomas alone, but one which could be collected out of the community estate. However, it does not show (and we do not understand the appellees to contend that it does show) that the original note or any renewal thereof, or the judgment, was a debt of Mrs. Thomas for which she was personally liable, or for which her separate estate could be held responsible.

We hold that, as a matter of law, neither the judgment nor the debt upon which it is based is "a debt of the deceased", within the meaning of Art. 4675, R.S.1925; Art. 5932, sec. 18; Farrier v. Hopkins, 131 Tex. 75, 112 S.W.2d 182; Stroter v. Brackenridge, 102 Tex. 386, 388, 118 S.W. 634; Farm & Home Savings & Loan Ass'n v. Abernathy, 129 Tex. 379, 383, 104 S.W.2d 1111; Jenkins v. Parkersburg Rig & Reel Co., Tex.Civ.App., 78 S.W.2d

694; Tilley v. Kangera, Tex.Civ.App., 83 S.W.2d 787; 23 Tex.Jur. p. 205, § 172, and p. 366; Davis v. McCartney, 64 Tex. 584, 587; Austin v. Strong, 117 Tex. 263, 1 S.W.2d 872, 3 S.W.2d 425, 79 A.L.R. 1528; McDonnell v. Miller, Tex.Civ.App., 133 S.W.2d 142, 143; Robinson v. Ft. Worth Hospitals, Tex.Civ.App., 109 S.W. 2d 1077; Dempsey v. Gibson, Tex.Civ.App., 105 S.W.2d 423; Green v. Duncan, Tex. Civ.App., 134 S.W.2d 744, 749.

■ Appellants' fourth, fifth and sixth propositions present the contentions: (4) That the answer in garnishment "affirmatively showing that the garnishee owed John R. Thomas" more than $672.47 and that the garnishee distributed the excess notwithstanding the prior service on garnishee of the writ of garnishment, the garnishee ought to be held liable to appellants for the full amount of their judgment against Thomas. (5) That garnishee's answer, not negativing the idea that it owed Thomas more than $672.47, the garnishee ought to be held on its answer for the full amount of appellants' judgment against Thomas. (6) Since the garnishee was not entitled to be discharged on its answer, it was not entitled to recover attorney's fees.

Appellants insist they are entitled to a judgment against garnishee for the full amount of their judgment against Thomas, on the answer of the garnishee. This contention is based upon the statement in garnishee's answer that John R. Thomas recovered a judgment against Merchants' Fast Motor Lines for a "net" balance of $672.47.

These propositions are overruled. The garnishee's answer was in accord with the requirements of Art. 4085 et seq. The answer admitted garnishee was indebted to Thomas in the sum of $672.47 only. In the absence of exceptions or controverting affidavit by plaintiffs, the answer was sufficient to prevent the taking of a judgment for a greater sum than $672.47. First Nat. Bank v. Wilson, Tex.Civ.App., 22 S.W.2d 546; Blum v. Moore, 91 Tex. 273, 42 S.W. 856; Gray v. Armour & Co., 129 Tex. 512, 104 S.W.2d 486; Mesa Prod. Co. v. Saffel, Tex.Civ.App., 37 S.W.2d 191; Pottorff v. J. D. Adams Co., Tex. Civ.App., 70 S.W.2d 745; Scott Lumber Co. v. Stephens, Tex.Civ.App., 74 S.W.2d 1059; Jemison v. Scarborough, 56 Tex. 358.

The judgment, insofar as it denied plaintiffs recovery of $672.47, is reversed and judgment is rendered for that amount. In all other respects the judgment is affirmed.

Affirmed in part, and in part reversed and rendered.