A. WOLFSON'S, INC., Appellant,

v.

FIRST STATE BANK OF CORPUS CHRISTI, n/k/a NBC Bank Corpus Christi, Appellee.

No. 13–87–197–CV.

Court of Appeals of Texas, Corpus Christi.

May 12, 1988.

Rehearing Denied June 30, 1988.

Benny M. Cason, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellant.

William Robert Anderson, III, Sorrell, Anderson & Lehrman, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

These parties have previously appeared before this Court in the appeal of a pre-judgment writ of garnishment involving the same funds. This is an appeal from a post-judgment garnishment proceeding. The trial court granted judgment in favor of First State Bank, appellee. We reverse the judgment of the trial court.

Appellee had a perfected security interest in all acquired and after-acquired inventories of the Krebcon and Conard Retail Corporations, hereinafter collectively referred to as debtor. Subsequently, debtor and the appellant entered into a contract whereby appellant would supply its expertise as retail consultants and sales promotion specialists. Pursuant to this contract, appellant placed merchandise in the stores on a consignment basis, and the sales receipts for all inventory sold were placed into a Mercantile Bank account held by appellant.

Appellee filed suit against the debtor and, in a separate action, filed a pre-judgment application for writ of garnishment

alleging that Mercantile Bank possessed funds that belonged to the debtor. Mercantile denied indebtedness to the debtor. After the pre-judgment writ of garnishment was issued, appellant intervened and moved to dissolve or modify the writ. After a hearing, the court overruled appellant's motion and granted judgment in favor of the appellee.

Thereafter, appellant perfected its appeal and Mercantile paid the funds into the registry of the court. The District Clerk, Oscar Soliz, placed the funds into a certificate of deposit with First Texas Savings Association.

This Court reversed the judgment and remanded the cause back to the trial court with instructions to dissolve the writ of garnishment. *See A. Wolfson's Sons, Inc. v. First State Bank*, 697 S.W.2d 753, 755 (Tex.App.—Corpus Christi 1985, no writ). In that opinion, we held that the judgment in that garnishment proceeding should not have issued because the appellee did not produce evidence that (1) its debtor had no other property within Texas that was subject to execution; and (2) it had exhausted its security by foreclosing its security lien and selling collateral attached by it.

Pursuant to our mandate, the trial court dissolved the pre-judgment writ of garnishment on December 26, 1985. On May 14, 1986, both the appellant and the appellee filed motions for an order to turn over funds. By this time, the appellee had obtained a judgment in the separate action against the debtor and had sold all of the debtor's assets. On May 16, 1986, appellee again elected to proceed by garnishment and filed new post-judgment garnishment proceedings against First Texas Savings, Oscar Soliz, and appellant as garnishees to funds in the court's registry.[1]

Appellant argued his motion to turn over funds at a hearing on May 23, 1986. On July 1, 1986, the trial court denied both motions pending the outcome of the new garnishment action filed by the appellee. Appellant then filed a motion to dissolve

the post-judgment writ of garnishment, which was overruled by the trial court. Thereafter, the post-judgment garnishment action was tried, and the court granted judgment in favor of the appellee.

Appellant presents five points of error for review.

In its third point of error, appellant alleges the trial court committed error as a matter of law in overruling its motion to turn over funds pending the outcome of the post-judgment garnishment action. Appellant contends that since the pre-judgment garnishment was quashed by the trial court, the court was required to return the funds to it. The appellee argues that by the time the court had heard the motion to turn over funds, the appellee had filed a post-judgment action against the appellant; therefore, the trial court properly denied appellant's motion.

 An order quashing a writ of garnishment terminates the proceeding and is a final disposition of the subject matter of the proceeding. *Proctor v. Associates Investment Co.*, 257 S.W.2d 324, 326 (Tex. Civ.App.—Galveston 1953, no writ). Therefore, an order which quashes or dissolves a writ of garnishment releases the property garnished and entitles the garnishee to possession thereof, or in the case of the money paid into the registry of a court to a return thereof. 38 C.J.S. *Garnishment* § 273 (1943). The fact that the appellees had filed a post-judgment action against appellant is irrelevant.

The money was placed into the registry of the court for the purpose of perfecting appellant's appeal in the first proceeding. When the writ was dissolved pursuant to our reversal and instructions to dissolve, the garnishment proceeding in the trial court was finally disposed of, and the trial court was without authority to deny appellant the funds. *See J.D. Wheeler v. Tony Pavlic*, 290 S.W.2d 754 (Tex.Civ.App.— Beaumont 1956, no writ). Therefore, the trial court committed error in overruling

---

**1.** The three post-judgment proceedings were later consolidated into one action by the trial court.

appellant's motion for order to turn over funds. Appellant's third point of error is sustained.

In its second point of error, appellant argues that the trial court committed error in granting judgment to appellee in the post-judgment garnishment action. The thrust of appellant's argument is that since the appellee did not file a controverting affidavit to the appellant's answer, the trial court was required to discharge the appellant.

The Texas Rules of Civil Procedure require that if it appears from the sworn answer of a garnishee that he is not indebted to the judgment debtor when the writ was served upon the garnishee, and that he did not have possession of any effects of the debtor, and if he denies that he has knowledge of other persons indebted to the debtor or have in their possession effects belonging to him, should the sworn answer of the garnishee not be controverted, the trial court is required to enter judgment discharging the garnishee. Tex.R.Civ.P. 666; *Swiderski v. Victoria Bank & Trust Co.*, 706 S.W.2d 676, 680 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Goodson v. Carr*, 428 S.W.2d 875, 879 (Tex.Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

■ However, a garnishor need not file a controverting affidavit to answers of a garnishee who assumes the position of a stakeholder by offering to pay the funds into the court's registry or to whoever is legally entitled thereto upon judgment. *Johnson v. M. System Store*, 48 S.W.2d 800, 804 (Tex.Civ.App.—Amarillo 1932), *rev'd on other grounds*, 124 Tex. 238, 76 S.W.2d 503 (Tex.Comm'n App.1934, opinion adopted).

■ In the instant case, the appellant responded to the appellee's petition for post-judgment writ of garnishment by filing a verified answer stating that it was not indebted to the judgment debtor, that it was not in possession of any effects belonging to the debtor, and that it had no knowledge of any person who was indebted to or had possession of any effects belonging to the debtor. First Texas Savings Association alleged in its answer that it was indebted to Soliz, the district clerk, but was unable to determine the interest of the other parties involved in the litigation. Soliz also denied that he was indebted to the debtor. The appellee did not file any controverting affidavits.

In this case, the appellee was not required to file a controverting affidavit to the answers of First Texas Savings Association or the District Clerk, since they were merely stakeholders. However, appellee was required to controvert appellant's answer. Since appellant's answer was not controverted, the allegations in the answer must be taken as true and the trial court was required by law to discharge the appellant. Tex.R.Civ.P. 666; *First National Bank of Dallas v. Steve's Sash and Door Co.*, 468 S.W.2d 133, 135 n. 3(a) (Tex.Civ. App.—San Antonio 1971, writ ref'd n.r.e.); *Mesa Production Co. v. Saffel*, 37 S.W.2d 191, 192 (Tex.Civ.App.—Eastland 1931, no writ). The trial court erred in failing to discharge appellant and in entering its judgment in favor of appellee. Appellant's second point of error is sustained.

We need not address appellant's remaining points of error since they are not dispositive. The judgment of the trial court is REVERSED and REMANDED with instructions to dissolve the writ and to turn over the funds in the registry of the court to appellant A. Wolfson's, Inc.

